IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR                                          PLAINTIFF

v.                            Civil No. 4:24-cv-04020-SOH-BAB

JAIL ADMINISTRATOR JANA TALLANT;
JOHN OR JANE DOE ADMINISTRATIVE STAFF;
JAILER LANDON TOLLETTE;
JAILER JORDAN NIEL; and
JAILER REBECCA CASTLEMAN                                             DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff, Curtis Wayne Dale Smith, Jr., filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.   BACKGROUND**

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on February 27, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). Plaintiff filed an Amended Complaint on March 6, 2024. (ECF No. 6). At all times relevant here, Plaintiff was incarcerated in the Howard County Detention

Center ("HCDC") as a convicted inmate.  *Id.* at 2.

In his Amended Complaint, Plaintiff lists three claims against five Defendants: Jail Administrator Jana Tallant, Jailer Landon Tollette, Jailer Jordan Niel, Jailer Rebecca Castleman, and John Doe Jail Administrative Staff.  (ECF No. 6).  In his Claim One, Plaintiff alleges Defendants Tallant, Tollette, Niel, and Castleman violated his constitutional rights by denying him access to the courts and "hindering the use of mail by delaying intercepting or stopping mail."  *Id.* at 4.  Specifically, Plaintiff claims:

> When I was in the County I filed a 1983 lawsuit packet on case name Smith vs. Tallant et al and case number 4:23-cv-04111 this I stated above leads back to evidence on the Manilla envelope of the dates which showed that date and days they were sent from the Facility of Howard County Detention Center ("Sheriff Department") HCDC Before the Date of the (Myself) day and date which that amended complaint was due December 18, 2023 But the Amended Complaint was sent out on December 11, 2023 on Monday But the evidence that shows that my was sent out on time is December 12, 13, 2023 and that is stated on the Faculty Forms on secures tablets and how I know Jana Tallant (administrator) Hinder my Mail I herd my amended complaint was Received January 10, 2024 and that shows with evidence to support it against her that my mail was hindered, intercepted, delayed or stopped keeping me from also having proper Access to the Courts.  And other evidence on this day and the dates provided is and should have camera footage of me filing out the packet and envelope and sending it out through Defendant and witness Rebecca Castleman twice and being the envelope was stamped by (USPS) and the Mail Carrier is the wife of the man I was in G-cell with so why wasn't the mail delivered

*Id*. at 4-5 (errors in original).   Plaintiff asserts this Claim One against Defendants Tallant, Tollette, Niel, and Castleman in both their induvial and official capacities.  *Id.*   For his official capacity claim, Plaintiff states:

> I believe Assisting the use or actually helping to Assist Jana Tallant and the Rest of the Jail administration staff Hinder, Delay, intercept, or stopping my mail from making it to its destination by Landon Tollette by bringing it back to the pod/cell which was G-Cell after being sent out and stamped by (USPS) not only did he help them by doing that he did not hand it directly back to me he handed my mail back to another inmate while I was in the shower which could also and did hinder and stopped my mail because I did not get my mail handed directly back to me.

*Id.* at 5.

In Claim Two, Plaintiff alleges Defendants Tallant and Tollette hindered the use of his federal and state mail by "stopping, delaying, or intercepting my mail and access to the courts." *Id*. at 6 (internal quotations omitted). Plaintiff asserts the same facts under Claim Two as he did in Claim One. Plaintiff also asserts the same facts under his official capacity claim in Claim Two except he does add Defendants Niel and Tollett to Claim Two. *Id*. at 7.

In Claim Three, Plaintiff alleges Defendants Tallant and Castleman violated his constitutional rights by "[h]indering the use of mail by intercepting, delaying or stopping it and access to the courts." *Id*. (internal quotations omitted). Plaintiff again asserts the same facts but does add the following regarding Defendant Castleman

> Rebecca Castleman also sent it out again on December 18, 2023 at breakfast after being sent back by the Jail administrator and or [Defendants Neil and Tollette] on the night of December 17, 2023 Jailer Rebecca Castleman also sent a message on her personal or mobile phone via text message to ask what the problem was or what was going on with no reply she said from Jana Tallant but with all the evidence above dates, time, camera footage witnesses and text message shows the claim stated above.

*Id*. at 8. The official capacity claim stated in Claim Three is the same as Claim One and Two.

For relief, Plaintiff requests compensatory damages, his record expunged and sealed, real estate, automobiles, and a business. He also requests Defendants be terminated from their jobs with Howard County. *Id*. at 9.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

3

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

While Plaintiff lists three separate claims in his Amended Complaint, he is repetitive in his allegations and only alleges two claims: (1) denial of access to courts; and (2) delay or interference with mail. Plaintiff alleges each of these claims against all the Defendants in both their individual and official capacity claims.

### A. Access to Courts

First, Plaintiff cannot prevail on an access to courts claim unless he can demonstrate he suffered prejudice or actual injury because of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-2; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity

to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (internal quotation and citations omitted). Plaintiff has not alleged any injury or prejudice from the delay of his mail to this Court. Furthermore, the Court notes Plaintiff's amended complaint, which he claims was delayed, was accepted, and considered by this Court without any prejudice to Plaintiff. *See Smith v. Tallant*, Civil No. 4:23-cv-04111, Doc. No. 8. (W.D. Ark. Jan. 10, 2024).

Accordingly, all three of Plaintiff's claims for denial of access to the courts must fail as a matter of law and should be dismissed.

### B. Interference with Mail

Next, Plaintiff's claims regarding the hindering, interfering, or stopping of his mail also fail as a matter of law. Plaintiff does retain a First and Fourteenth Amendment right to communicate with those outside the prison through means such as mail. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also Thornburgh v. Abott*, 490 U.S. 401, 407 (1989). However, the HCDC can limit such communications if the facilities' limitation policy is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

As an initial matter, the Plaintiff first must allege the Defendants caused his mail to be delayed and that delay caused Plaintiff an injury by violating his constitutional rights pursuant to Section 1983. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v.*

*Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Here, Plaintiff has failed to state that any Defendant caused his mail to be delayed or "hindered." To the contrary, Plaintiff states his mail had the stamp of the "USPS," presumably the United States Postal Service, on it when it was returned to him. He then uses the date stamp of the USPS—December 12, 2023—and the receipt date of this Court—January 10, 2023—to argue the Court should infer the Defendants hindered or delayed his mail. There is no allegation that any Defendant intentionally delayed, hindered, or interfered with Plaintiff's mail.

Furthermore, as stated with the access to courts claim, Plaintiff has failed to allege any injury from the one-time delay. To establish standing to sue, Plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022). The Court must be able to redress the injury suffered by Plaintiff. *Id.* Plaintiff's mail, while delayed, was eventually received by the Court, and accepted without prejudice to Plaintiff. *See Smith v. Tallant*, Civil No. 4:23-cv-04111, Doc. No. 8. (W.D. Ark. Jan. 10, 2024).

Accordingly, Plaintiff's interference with mail claim fails as a matter of law and should be dismissed.

### C. Official Capacity Claims

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff did not allege any policy, procedure, or custom caused the alleged interference with his mail or his access to the courts. Accordingly, Plaintiff has failed to state any official capacity claims. Additionally, since Plaintiff has failed to state an individual claim against Defendants, he cannot maintain an official capacity claim against them. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986))

### IV. CONCLUSION

For these reasons, it is recommended Plaintiff's claims against all Defendants be dismissed,

without prejudice, pursuant to 28 U.S.C. § 1915A(b)(2) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of April 2024.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8